# Morris James LLP

Kenneth L. Dorsney
302.888.6855
kdorsney@morrisjames.com

<u>VIA CM/ECF</u>                                  September 4, 2020

The Honorable Maryellen Noreika
U.S. District Court for the District of Delaware
J. Caleb Boggs Federal Building
844 North King Street
Wilmington, DE  19801

>  Re:  *The Trading Collective, LLC v. The Mane Choice Hair Solution LLC et al.*,
>        C.A. No. 20-cv-00311-MN

Dear Judge Noreika:

We represent the Plaintiff, The Trading Collective, LLC ("TTC"), in the above referenced matter.  We write pursuant to Federal Rule of Civil Procedure 15 and Paragraph 2 of the Scheduling Order entered in this Action for leave to file an Amended Complaint.[1]  The proposed Amended Complaint, attached as Exhibit 1, joins a new defendant, Auction Brothers, Inc. dba Amazzia ("Amazzia"), and provides related allegations.

**Background**

TTC is seller of consumer products on the Amazon.com ("Amazon") marketplace.  TTC brought this action against Defendants The Mane Choice Hair Solution LLC ("Mane Choice"), NATURE GLOW and LE CHIQUE BOUTIQUE seeking redress for Defendants' attempts to interfere with TTC's resale of Mane Choice-branded products on Amazon.  As detailed in the original Complaint, the Mane Choice, working in concert with the owner of the NATURE GLOW and LE CHIQUE BOUTIQUE Amazon storefronts (together, the "Storefront Owners"), have sought to stifle legitimate competition by, inter alia, repeatedly submitting false reports to Amazon stating that TTC was selling "counterfeit" Mane Choice products.  (D.I. ¶¶35-67).  Mane Choice was served March 3, 2020 and has filed its Answer (D.I. 8).  A Scheduling Order (D.I. 14) was entered on June 12, 2020.

The Parties have exchanged initial written discovery.  As relevant here, Mane Choice confirmed that it contracted with Amazzia to monitor the sales of Mane Choice-branded products on Amazon and has pointed the finger directly at Amazzia as a party responsible for the false and defamatory reports that were submitted to Amazon.  It has also become apparent that the Storefront Owners are nothing more than shell companies operated by Amazzia for the purpose of skirting Amazon's policies, namely, those that prohibit a single entity from operating

---

[1] Pursuant to D. Del. LR 7.1.1, TTC attempted to meet and confer with Defendants' counsel before filing this motion, but Defendants were unable to provide their position prior to the filing deadline.

multiple storefronts.  Accordingly, in the interests of efficiency, leave should be granted to file the proposed Amended Complaint.

**Legal Standards**

Rule 15(a) of the Federal Rules of Civil Procedure provides that the court "should freely give leave [to amend the pleadings] when justice so requires." The factors to consider in weighing a motion for leave to amend are well-settled: (1) whether the amendment has been unduly delayed; (2) whether the amendment would unfairly prejudice the non-moving party; (3) whether the amendment is brought for some improper purpose; and (4) whether the amendment is futile. *See Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962).  As discussed below, TTC brings its proposed Amended Complaint in good faith and without delay. This motion should therefore be granted.

**TTC Has Not Unduly Delayed Seeking Leave to Amend**

TTC has acted promptly in seeking leave to amend. Specifically, TTC brings this motion in compliance with the deadline to supplement pleadings and join parties. (*See* D.I. 14, ¶ 2). This timing alone dispels any possibility of undue delay. *See Invensas Corp. v. Renesas Elecs. Corp.*, Civil Action No. 11-448-GMS-CJB, 2013 U.S. Dist. LEXIS 60810, at *10 (D. Del. Apr. 24, 2013) ("The fact that the Motion was filed within this deadline [to amend pleadings] . . . strongly supports a conclusion that the amendment was not untimely filed."); *Butamax Advanced Biofuels LLC v. Gevo, Inc.*, No. 11-54-SLR, 2012 U.S. Dist. LEXIS 86215, at *6 (D. Del. June 21, 2012) (finding that motion to amend filed on day of deadline for amended pleadings as set out in scheduling order was "filed timely and, therefore, there can be no unfair prejudice to defendant").

**TTC's Motion Is Made in Good Faith with No Dilatory Motive**

TTC does not bring this motion in bad faith or with dilatory intent.  TTC suspected that Amazzia was involved in the tortious acts described therein,  (D.I. 1, ¶¶4-5), but, out of an abundance of caution, sought to first confirm these facts.  Discovery has now confirmed that this is indeed the case, and it appears that Mane Choice will attempt to shift the blame to Amazzia for the harm caused to TTC.  Accordingly, TTC acted cautiously and in good faith.  TTC does not anticipate that the Amended Complaint will require any change to the proposed scheduling order. (*See* D.I. 14).  These facts support leave.  *See TruePosition, Inc. v. Allen Telecom, Inc.*, C.A. No. 01-823 GMS, 2002 U.S. Dist. LEXIS 12848, at *5 (D. Del. July 16, 2002) (finding no bad faith when a party sought leave within the deadline).

Page 3

### TTC's Motion Promotes Judicial Efficiency and Would Not Unduly Prejudice Mane Choice or Any Other Party

The proposed Amended Complaint promotes judicial efficiency and will not unduly prejudice any party. The Amended Complaint will allow TTC to pursue claims against all of the parties responsible for the complained-of activities in one action, rather than two. Indeed, if the Court were to deny this motion, TTC could simply file a separate suit against Amazzia. TTC would then not only have a very good argument for consolidation of that action with this one, but the burden on the Court might extend to a second trial.

These considerations further warrant leave to amend. *See Butamax*, 2012 U.S. Dist. LEXIS 86215, at *7 ("The instant motion to amend was filed timely and, therefore, there can be no unfair prejudice to defendant.").

### TTC's Contentions Are Not Futile

TTC's Amended Complaint is not futile. An amendment is futile only if it fails to adequately state a claim under Rule 12(b)(6). *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997). The Amended Complaint sets out cognizable claims of unfair competition, tortious interference, trade libel, as well as others, against each of the Defendants, including the new defendant Amazzia. As alleged in the Amended Complaint, Defendants submitted dozens of reports to Amazon—each under penalty of perjury—stating that TTC was selling "counterfeit" Mane Choice products. Here, Mane Choice has already admitted that, at the time these reports were submitted, "it did not have specific knowledge of a particular counterfeit Mane Choice Product in the marketplace." (D.I. 8, ¶58). Clearly, TTC is entitled to seek redress against each party responsible for this anti-competitive behavior.

\* \* \*

For the above reasons, TTC respectfully requests leave to file the proposed Amended Complaint.

Respectfully,

/s/ Kenneth L. Dorsney

Kenneth L. Dorsney (#3726)

cc: all counsel of record via efiling