RICHARDS
LAYTON &
FINGER

Jason J. Rawnsley
(302) 651-7550
Rawnsley@rlf.com

October 9, 2020

**VIA CM/ECF**
The Honorable Maryellen Noreika
U.S. District Court, District of Delaware
844 N. King Street
Wilmington, DE 19801-3568

  Re: *The Trading Collective, LLC v. The Mane Choice Hair Solution LLC*,
    C.A. No. 20-0311-MN

Dear Judge Noreika:

I write on behalf of Defendant The Mane Choice Hair Solution LLC ("The Mane Choice") in the above-captioned matter and respectfully submit this letter in opposition to Plaintiff The Trading Collective, LLC's ("TTC" or "Plaintiff") motion to join a new party to this lawsuit.

Amazzia is not a recently discovered entity as to this case. In the original complaint filed over six months ago, TTC was aware of and pleaded allegations of fact relating to The Mane Choice's relationship with Amazzia. The Mane Choice affirmed its relationship with Amazzia in its answer, yet TTC maintained the status quo and took no action then to join Amazzia. TTC argues that the Mane Choice "pointed the finger directly at Amazzia as a party responsible for the false and defamatory reports that were submitted to Amazon." D.I. 31 p. 1. Yet even after TTC received on August 5, 2020, the discovery responses to which it refers, TTC delayed a month, until mere hours before the Scheduling Order deadline to request adding Amazzia as a new party to this action. TTC's request to add a fourth defendant is untimely and prejudicial, and its motion should be denied.

*Background*

TTC filed its original complaint on March 3, 2020. D.I. 1. There, it alleged that "On information and belief, Defendants NATURE GLOW and LE CHIQUE BOUTIQUE are owned and operated, either directly or indirectly, by Auction Brothers Inc. d/b/a Amazzia ('Amazzia')" and that "[o]n information and belief, The Mane has a contractual relationship with Amazzia under which Amazzia has agreed to provide Amazon-related services to the The Mane [*sic*]." *Id.* ¶¶ 4–5. On May 7, 2020, The Mane Choice answered the complaint, and admitted that it had a contractual relationship with Amazzia under which Amazzia agreed to provide Amazon-related services to The Mane Choice. D.I. 8 ¶ 5.

The parties entered a Scheduling Order on June 12, 2020. D.I. 14. On June 1, 2020, Plaintiff requested permission to effect service by alternative means on defendants Nature Glow and Le Chique Boutique, and to extend the service deadline to July 1, 2020. D.I. 12. The Court denied

The Honorable Maryellen Noreika
October 9, 2020
Page 2 of 4

the request without prejudice in a teleconference on June 30, 2020, but extended the service deadline.  On September 21, 2020, Plaintiff served these defendants, *see* D.I. 34–35; apparently no subpoenas were necessary to obtain the information needed to serve these defendants, nor were alternative means required, since no notices of subpoena appeared on the docket.  Those defendants must move, answer, or otherwise respond to the complaint by October 30, 2020.  D.I. 36.  Fact discovery closes on December 16, 2020.  D.I. 14.

On August 5, 2020, The Mane Choice served interrogatory responses again stating that Amazzia is a vendor that provides Amazon-related services to The Mane Choice ("point the finger" is Plaintiff's pejorative characterization).  D.I. 29.  Then, on September 4, 2020—a month later, and hours before the deadline to join parties or amend the pleadings—Plaintiff requested that The Mane Choice consent to Plaintiff's amendment of the complaint and addition of Amazzia to this lawsuit.  Ex. A.  Plaintiff did not provide The Mane Choice with a redline of the proposed changes or state what the "amended" portion of the complaint would consist of; as it turns out, Plaintiff is taking the opportunity to remove the baseless allegation from its pleading that The Mane Choice left false reviews, apparently on Amazon, regarding Plaintiff.[1]  *See* D.I. 31, Ex. 2 pp. 88, 23.

### *Plaintiff Unduly Delayed in Bringing Its Request, Which Would Prejudice The Mane Choice*

Leave to amend should be denied when a party has not been diligent in pursuing the amendment.  In other words, "undue delay" is a valid ground for denying leave to amend under Rule 15(a).  *Trudel v. SunTrust Bank*, 924 F.3d 1281, 1288 (D.C. Cir. 2019).  Delay may be undue if the party seeking leave had previous opportunities to amend the complaint and failed to do so.  *See Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 273 (3d Cir. 2001).

In this case, undue delay and lack of diligence is a sufficient ground to deny the motion. This case has been pending for half a year. In its original complaint, TTC pled that Defendants NATURE GLOW and LE CHIQUE were "owned and operated, either directly or indirectly" by Amazzia. D.I. 1, ¶ 4.  TTC further alleged in its Complaint that The Mane Choice "ha[d] a contractual relationship with Amazzia under which Amazzia agreed to provide Amazon-related services to the The Mane [*sic*]." *Id*. ¶ 5.  The Mane Choice, in its answer, admitted to its relationship with Amazzia. D.I. 8 ¶ 5. Nor can Plaintiff's counsel plead ignorance of Amazzia's business model and manner of operations. *See* Ex. B (highlighted complaint in unrelated case dated March 4, 2020, pp. 4, 6, 10, 17, 26).  From the outset, Plaintiff knew and confirmed that Amazzia handles The Mane Choice's Amazon business, yet waited until mere hours before the Scheduling Order deadline even to broach the idea of adding a new defendant.  For this reason alone, Plaintiff's motion should be denied.

Plaintiff cites decisions stating that its amendment is timely simply because it met the scheduling order deadline.  But the *Invensas* and *TruePosition* decisions cited by Plaintiff address amendments to the pleadings, not the addition of new parties, and filing at the last minute does not foreclose inquiry into the movant's diligence.  *See Delaware Display Grp. LLC v. Lenovo*

---

[1] Insofar as Plaintiff seeks leave to amend solely to remove this baseless allegation, The Mane Choice does not oppose but reserves all other rights.

The Honorable Maryellen Noreika
October 9, 2020
Page 3 of 4

*Grp. Ltd.*, C.A. No. 13-2108-RGA, 13-2109-RGA, 13-2112-RGA, 2016 WL 720977, at *8–9 (D. Del. Feb. 23, 2016) ("The Court's discretion to grant or deny leave to amend is not limited in such mechanistic ways. The question of whether a motion for leave to amend is timely under the scheduling order is certainly relevant to the question of whether there has been undue delay. They are not, however, the same question. Just as a motion filed after the deadline could be filed without undue delay, so too could undue delay exist when a motion is filed before the deadline.") (denying motion for leave to amend).

And joining a new party at this stage would be prejudicial to The Mane Choice and disruptive to the schedule, about which Plaintiff asserts, but does not explain, that "TTC does not anticipate that the Amended Complaint will require any change to the proposed scheduling order." D.I. 31 p. 1. The scheduling order itself belies this assertion—even if Plaintiff were to serve Amazzia on the date of the teleconference, its response would not be due until November 5, and if Amazzia files anything other than an answer, the pleadings may not close until after the close of fact discovery. (Plaintiff's belated service of the two other defendants will pose enough difficulties—there remain two defendants at-large in this case who have yet to answer the complaint, let alone an amended complaint, or enter their appearance, *see* D.I. 34–36). Given the nature of the allegations—for instance, Plaintiff seeks relief collectively, not particularized to any defendant—The Mane Choice should at a minimum have the opportunity to review what discovery Amazzia would provide before the close of fact discovery (and Plaintiff certainly has no basis to request that discovery be expedited now). "A party may suffer undue prejudice if the proposed amendment causes surprise, results in additional discovery, or adds costs to the litigation in defending against the new facts or theories alleged." *TL of Fla., Inc. v. Terex Corp.*, 54 F. Supp. 3d 320, 325 (D. Del. 2014); *Frederick v. Avantix Lab.*, 773 F. Supp. 2d 446, 449 (D. Del. 2011) (same). Prejudice to The Mane Choice is an additional and independent reason to deny Plaintiff's request.

### *Trading Collective Failed to Satisfy Rule D. Del. LR 7.1.1*

The local rules require that the movant of a non-dispositive motion make a "***reasonable*** effort" to "reach agreement with the opposing party on the matters set forth in the motion." D. Del. LR 7.1.1 (emphasis added). TTC's eleventh-hour effort to reach agreement was not reasonable.

Even accepting *arguendo* that Plaintiff did not believe it had grounds to join Amazzia until it received The Mane Choice's interrogatory response, that does not explain why Plaintiff then waited a month to confer on the issue, until the morning of the scheduling order's deadline on the Friday before a holiday weekend, when Plaintiff for the first time reached out to counsel to ask if The Mane Choice opposed adding Amazzia as a new party and to consent to unknown amendments. *See* Ex. A. For this additional reason, Plaintiff's motion should be denied.

Permitting Trading Collective to add a new party would delay and change the nature of this case significantly. The Mane Choice respectfully requests that the Court deny TTC's motion to add a new party. Should the Court nevertheless grant Plaintiff's motion, at a minimum The Mane Choice respectfully requests that the Court stay all current deadlines until *all* parties have been served and can confer on a new schedule to accommodate *three new defendants* in what has been a single-defendant action for half a year.

The Honorable Maryellen Noreika
October 9, 2020
Page 4 of 4

                                                          Respectfully,

                                                          */s/ Jason J. Rawnsley*

                                                          Jason J. Rawnsley (#5379)


cc:      Counsel of Record (via email)