IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

THE TRADING COLLECTIVE, LLC,          :
                                      :   Case No.: 1:20-cv-00311 (MN)
          Plaintiff,                  :
                                      :   **JURY TRIAL DEMAND**
     v.                               :
                                      :
THE MANE CHOICE HAIR SOLUTION LLC;    :
AUCTION BROTHERS, INC. DBA AMAZZIA;   :
NATURE GLOW; and LE CHIQUE BOUTIQUE,  :
                                      :
          Defendants.                 :


**CUTE AS A BUTTON INC.'S AND NATURAL SELECTION INC.'S OPENING
BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS PURSUANT TO RULE 12
AND MOTION TO STRIKE PURSUANT TO CALIFORNIA'S ANTI-SLAPP STATUTE**

*Of counsel*:

Daniel J. Kessler
Joshua A. Waldman
BURKHALTER KESSLER
CLEMENT & GEORGE LLP
2020 Main Street, Suite 600
Irvine, California 92614
(949) 975-7500
dkessler@bkcglaw.com
jwaldman@bkcglaw.com

SMITH, KATZENSTEIN & JENKINS LLP
Robert K. Beste, III (3931)
Eve H. Ormerod (5369)
1000 West Street, Suite 1501
Wilmington, Delaware 19801
(302) 652-8400
rbeste@skjlaw.com
eormerod@skjlaw.com

*Attorneys for Cute as a Button Inc. and
Natural Selection Inc.*

October 30, 2020

## **TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ............................................................................................. ii

NATURE AND STAGE OF PROCEEDINGS ............................................................... 1

SUMMARY OF ARGUMENT ....................................................................................... 1

FACTUAL BACKGROUND .......................................................................................... 1

Argument ........................................................................................................................ 2

   A.   Standard under Rule 12(b)(6) .................................................................... 2

   B.   Plaintiff's Federal Claims Do Not State Claims ........................................ 2

      1.   Plaintiff Fails to State a Claim for Declaratory Judgment ................. 2

      2.   The Complaint Does Not Establish Unfair Competition ................... 5

   C.   Plaintiff's State Law Claims Fail to State Claims ..................................... 7

      1.   Choice of law ...................................................................................... 7

      2.   The Amended Complaint Fails to State a Claims for Tortious Interference .................. 9

      3.   The Defamation And Trade Libel Claims Are Not Specific Enough ............................ 11

   D.   All of Plaintiff's Claims Relate to Protected Activity ............................ 14

      1.   Noerr-Pennington Doctrine ............................................................. 14

      2.   California's anti-SLAPP Statute Protects the Activity ..................... 16

      CONCLUSION ............................................................................................ 20

## <u>TABLE OF AUTHORITIES</u>

**Pages**

**Cases**

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ........................................................................... 2

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) ..................................................... 2

*Beltronics USA, Inc. v. Midwest Inventory Distrib. LLC*,
   522 F.Supp.2d 1318 (D. Kan. 2007) ................................................................. 5, 13, 17

*Bourdeau Bros., Inc. v. Int'l Trade Com'n*, 444 F.3d 1317 (Fed. Cir. 2006) ................... 5, 13, 17

*Briggs v Eden Council*, 969 P.2d 564 (Cal. 1999) ......................................................... 16

*Cheminor Drugs, Ltd. v. Ethyl Corp.*, 168 F. 3d 119 (3rd Cir. 1999) .......................... 14

*Eldorado Stone, LLC v. Renaissance Stone, Inc.*,
   No. 04-2562, 2005 WL 5517731 (S.D. Cal. Aug. 10, 2005) ............................... 11

*First Advantage Background Servs. Corp. v. Private Eyes, Inc.*,
   569 F. Supp. 2d 929 (N.D. Cal. 2008) ......................................................... 11, 12

*Fitbit, Inc. v. Laguna 2, LLC*,
   No. 17-00079, 2018 WL 306724 (N.D. Cal. Jan. 5, 2018) ............................... 18

*Flatley v. Mauro*, 39 Cal. 4th 299 (Cal. 2006) ............................................................. 17

*Godin v. Schencks*, 629 F.3d 79 (1st Cir. 2010) ...................................................... 19, 20

*Hanover 3201 Realty, LLC v. Vill. Supermarkets*, 806 F.3d 162 (3d Cir. 2015) ........... 14

*Hard2Find Accessories, Inc. v. Amazon.com, Inc.*,
   691 Fed. Appx. 406 (9th Cir. 2017) ............................................................. 14, 15

*Iberia Foods Corp. v. Romeo*, 150 F.3d 298 (3rd Cir. 1998) ................................ 4, 5, 13, 17

*In re Wellbutrin XL Antitrust Litig.*, 868 F. 3d 132 (3rd Cir. 2017) ............................ 15

*John Doe v. Super. Ct.*, 1 Cal. App. 5th 1300 (Cal. Ct. App. 2016) ............................ 11

*Kashian v. Harriman*, 98 Cal. App. 4th 892 (Cal. Ct. App. 2002) .............................. 18

*Kearny v. Foley & Lardner LLP*, 553 F. Supp. 2d 1178 (S.D. Cal. 2008) .................... 19

*Kondrath v. Arum*, 881 F. Supp. 925 (1995) ............................................................. 8

*Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134 (Cal. 2003)................................. 9

*Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118 (2014) .............................. 5

*Liqwd, Inc. v. L'Oreal USA, Inc.*, 2019 WL 10252725 (D. Del. April 30, 2019) ......................... 6

*Mann v. Quality Old Time Serv., Inc.*, 139 Cal. App. 4th 328 (Cal. Ct. App. 2006).................... 19

*McCahill v. Fox Chapel*, 438 F. 2d 213 (3rd Cir. 1971)................................................... 3

*Newark v. Delmarva Power & Light Co.*, 497 F. Supp. 323 (D. Del. 1980)............................... 15

*Organova Holdings, Inc. v. Dimitrov*, 162 A.3d 102, 120 (Del. Ch. 2017) ................................ 9

*Outboard Marine Corp. v. Pezetel*, 474 F. Supp. 168 (D. De. 1979) ........................................ 15

*Parlour Enters., Inc. v. Kirin Grp., Inc.*, 152 Cal. App. 4th 281 (Cal. Ct. App. 2007) ............... 10

*Pernod Ricard USA, LLC v. Bacardi U.S.A., Inc.*, 653 F.3d. 241 (3rd Cir. 2011) ...................... 5

*Pistoresi v. Madera Irrigation Dist.*,
        No. 08-843, 2008 WL 5070051 (E.D. Cal. Nov. 25, 2008)............................................ 16

*Preston Hollow Cap. LLC v. Nuveen LLC*,
        No. 2019-169, 2019 WL 3801471 (Del. Ch. Aug. 13, 2019) ......................................... 9

*Pro. Real Est. Invs. v. Columbia Pictures Indus.*, 508 U.S. 49 (1993)....................................... 16

*Pub. Serv. Comm'n v. Wycoff*, 344 U.S. 237 (1952)........................................................ 3

*Reifer v. Westport Ins. Corp.*, 751 F.3d 129 (3rd Cir. 2014) ............................................... 4

*Rhodes v. Stewart*, 488 U.S. 1 (1988).......................................................................... 3

*Rochester Drug Co-op., Inc. v. Braintree Labs.*, 712 F. Supp. 2d 308 (D. Del. 2010) ............... 14

*Rock River Commc'ns, Inc. v. Univ. Music Grp., Inc.*, 745 F.3d 343 (9th Cir. 2014)................. 15

*San Jose Constr., Inc. v. S.B.C.C., Inc.*, 155 Cal. App. 4th 1528 (Cal. Ct. App. 2007) ................ 9

*Shady Grove Orthopedic Assocs. v. Allstate Ins. Co.*, 559 U.S. 393 (2010) .......................... 19, 20

*Sharper Image Corp. v. Target Corp.*, 425 F. Supp. 2d 1056 (N.D. Cal. 2006) ....................... 18

*Silicon Knights, Inc. v. Crystal Dynamics, Inc.*, 983 F. Supp. 1303 (N.D. Cal. 1997) ................. 11

*Sparrow LLC v. Lora*, 2014 WL 12573525 (C.D. Cal. Dec. 4, 2014) .......................................... 18

*State Farm Mut. Auto. Ins. v. Patterson*, 7 A.3d 454 (Del. 2010) .................................................. 8

*Sumotext Corp. v. Zoove, Inc.*, No. 16-1370, 2017 WL 2774382 (D.C. Cal. June 26, 2017) ...... 10

*Susan A. v. Sonoma*, 2 Cal. App. 4th 88 (Cal. Ct. App. 1991) ..................................................... 18

*Sweet St. Desserts, Inc. v. Chudleigh's Ltd.*,  655 Fed. Appx. 103 (3rd Cir. 2016) ..................... 14

*Tensor Law P.C. v. Rubin*, 2019 WL 3249595 (C.D. Cal. Apr. 10, 2019) .................................... 17

*US v. Lockheed Missiles & Space Co.*, 190 F.3d 963 (9th Cir. 1999) .......................................... 20

*Vondran v. McLinn*, No. 95-20296, 1995 WL 415153 (N.D. Cal. July 5, 1995) ........................ 11

*Youst v. Longo*, 43 Cal. 3d 64 (Cal. 1987) ................................................................................... 9

## Statutes

15 U.S.C. § 1125 ........................................................................................................................ 1, 5

28 U.S.C. § 2201 ............................................................................................................................. 3

CCP § 425.16 ......................................................................................................................... *passim*

CCP § 47 ................................................................................................................................. 17, 18

F.R.E. 501 ...................................................................................................................................... 18

Rule 12(b)(6) .................................................................................................................................... 2

## Other Authorities

Judicial Council of California Civil Jury Instructions (2017), CACI No. 1731 ........................... 14

Charles Alan Wright, *et al.*, *Federal Practice & Procedure* § 4509 (2nd ed. 2014) ................... 20

## NATURE AND STAGE OF PROCEEDINGS

"Moving Defendants," Cute As A Button Inc. ("Cute As A Button" named as "Le Chique Boutique") and Natural Selection Inc. ("Natural Selection," named as "Nature Glow"), submit this brief supporting their motion to dismiss the amended complaint.  D.I. 39.  Plaintiff filed this action March 3, 2020 but did not serve Moving Defendants until September 2020.  D.I. 1, ¶ 34-35.

## SUMMARY OF ARGUMENT

This case arises out of plaintiff's online sales of hair care products manufactured by co-defendant, The Mane Choice Hair Solution LLC ("Mane Choice").  The amended complaint asserts claims for (1) declaratory judgment; (2) false or misleading representation and unfair competition under 15 U.S.C. §1125; (3) unfair competition pursuant to Delaware law; (4) tortious interference with contract and business relations; (5) defamation; and (5) trade libel.  D.I. 39.

None of these claims state claims under Rule 12 and each relates to the exercise of protected rights; specifically, trademark infringement and violations raised with Amazon about plaintiff's sales of Mane Choice products.  Plaintiff concedes that it is not an authorized distributor of those products and the pleadings lack any facts establishing that the products are genuine products and convey the full bundle of rights to consumers, including warranty rights.  Yet, plaintiff still claims that notices to Amazon identifying trademark infringement were wrongful.  Moreover, pursuant to California's "anti-SLAPP" statute and California's absolute litigation privilege, the Court should dismiss plaintiff's claims because the alleged misconduct is protected activity.

## FACTUAL BACKGROUND

Mane Choice is a manufacturer and distributor of hair care products and the registered owner of certain trademarks.  D.I. 39, ¶ 17-18.  Since November 2017, plaintiff has been a third-party seller on Amazon, where it resold products acquired "from reputable sources."  *Id.*, ¶ 27-30.

Plaintiff admits that it sells these products despite not being an authorized distributor (*id.*, ¶ 45-46) because it pleads no facts relating to its sources of the products or their genuineness.

Moving Defendants are Delaware corporations with their principal places of business in California.  Declaration of William Fikhman ("Fikhman") (filed concurrently herewith).  Moving Defendants' alleged owner, Auction Brothers Inc. doing business as "Amazzia," has a contract with Mane Choice to monitor unauthorized sales.  D.I. 39, ¶ 5.  Amazzia is a California entity doing business in California.  *Id.*, ¶ 3.  Plaintiff alleges "Defendants" filed complaints with Amazon about counterfeit products.  *Id.*, ¶ 53, 68-69.  Plaintiff makes a conclusory statement about those complaints, but provides no details except "Plaintiff had sold 'counterfeit' Mane Choice Products." *Id.*, ¶ 68.  Amazon suspended plaintiff's listing after notice, which specifically asked plaintiff to provide any "invoice, letter of authorization or licensing agreement from the manufacturer or Rights Owner . . . ." *Id.* at ¶ 55-56, 58, 77, 97.  Plaintiff, apparently, did not respond.

## ARGUMENT

### A.    Standard under Rule 12(b)(6)

Under Rule 12(b)(6), the Court should dismiss a complaint that "fail[s] to state a claim upon which relief can be granted."  To state a claim, plaintiff must plead facts that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  When the allegations are not sufficient, "'this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court.'"  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007) (citations omitted).

### B.    Plaintiff's Federal Claims Do Not State Claims

#### 1.    Plaintiff Fails to State a Claim for Declaratory Judgment

The Court should dismiss plaintiff's declaratory judgment claim because it does not warrant the discretionary exercise of jurisdiction under the Declaratory Judgment Act, 28 U.S.C.

§ 2201(a).  That act does not confer "an absolute right upon the litigant," but is "an enabling Act, which confers a discretion on the courts . . . ."  *Utah v. Wycoff Co*., 344 U.S. 237, 241 (1952).

### a.      There is no present case or controversy

To warrant the Court's declaratory judgment discretion, plaintiff must allege facts to demonstrate that a "case or controversy" exists.  *Pub. Serv. Comm'n v. Wycoff*, 344 U.S. 237, 242 (1952); *McCahill v. Fox Chapel*, 438 F.2d 213, 215 (3rd Cir. 1971) (The Supreme Court has emphasized the "substantial degree of specificity required in declaratory judgment actions").

Plaintiff's declaratory judgment claim requests a declaration of noninfringement of Mane Choices' trademark rights for the sale of counterfeit goods.  D.I. 39, ¶ 99-100.  However, plaintiff has not alleged any inclination to continue selling those products or that it is selling such products.  Thus, the amended complaint fails to allege an actual controversy for the Court to resolve.

Instead, plaintiff seeks an advisory opinion relating to possible future conduct, which it has not alleged any intention of carrying out, or for previous conduct.  But declaratory judgment claim in such a situation is improper since "[t]he real value of judicial pronouncement—what makes it a proper judicial resolution of a 'case or controversy' rather than an advisory opinion—is in the settling of some dispute *which affects the behavior of the defendant towards the plaintiff*."  *Rhodes v. Stewart*, 488 U.S. 1, 4 (1988) (emphasis in original) (internal citations omitted).  Any declaratory judgment of noninfringement would not affect the behavior of defendants towards plaintiff because plaintiff has not alleged that it is currently selling the products or that it plans to in the future.  Thus, no case or controversy exists.

### b.      The relevant factors weigh against exercise of jurisdiction.

Courts consider several factors on whether to exercise discretion under the Declaratory Judgment Act, including: (1) the likelihood that a declaration will resolve the uncertainty of obligation; (2) convenience of the parties; (3) public interest in settlement of the uncertainty; (4)

3

availability and convenience of other remedies; (5) general policy of restraint when the same issues pending in state court; (6) avoidance of duplicative litigation; and (7) prevention of "use of the declaratory [claim] as a method of procedural fencing, or as a means to provide another forum in a race for *res judicata*."  *Reifer v. Westport Ins. Corp.*, 751 F.3d 129, 140 (3rd Cir. 2014).

Here, because plaintiff's allegations concern past conduct that a declaratory judgment would not resolve, these factors militate against discretionary jurisdiction because the result would not settle all aspects of the controversy or serve a useful purpose in clarifying the legal relations. Even if this Court entered a judgment of noninfringement, that would not finally resolve plaintiff's other claims, which require plaintiff to demonstrate multiple, separate, and additional elements.

Plaintiff has not alleged any facts indicating that it is currently selling Mane Choice branded products, or that it plans to in the future, and no legal relations would be clarified by a declaratory judgment of noninfringement.  Therefore, this Court should decline to exercise its discretion under the Declaratory Judgment Act.  This is particularly so where Amazon is not a party to the action and yet it is the only entity that can reinstate plaintiff's online account.

### c.    *Plaintiff failed to state a claim for declaratory judgment*

The amended complaint lacks sufficient facts to establish the validity of plaintiff's claim for noninfringement because plaintiff failed to plead facts demonstrating that its products are genuine Mane Choice products—although plaintiff states it is in possession of "genuine" products, it does not allege that it is an authorized reseller.  D.I. 39, ¶ 45-46.  Thus, the amended complaint fails to plead facts demonstrating that the Mane Choice products at issue carry the full bundle of rights that genuine products carry, including the original manufacturer's warranty.  *See Iberia Foods Corp. v. Romeo*, 150 F.3d 298, 302-03 (3rd Cir. 1998).  Plaintiff's sale of materially different products, without any warning to consumers that its products do not convey the full

bundle of rights, including warranties or post-manufacture quality control process, that genuine products carry, constitutes trademark infringement. *See id.* at 304 (differences in post-manufacture quality control process alone can constitute material differences even absent proof of actual differences in quality between inspected and uninspected goods); *Bourdeau Bros., Inc. v. Int'l Trade Com'n*, 444 F.3d 1317, 1325, n.3 (Fed. Cir. 2006) (noting "any differences in warranty coverage" as possible grounds for a " material difference" and that "a finding of trademark infringement [can be] based upon a single material difference".); *Beltronics USA, Inc. v. Midwest Inventory Distrib. LLC*, 522 F.Supp.2d 1318, 1327 (D. Kan. 2007) (holding that warranties fall within the bundle of services that may yield material differences).  Thus, plaintiff's declaratory judgment claim fails.

## 2.     The Complaint Does Not Establish Unfair Competition

Plaintiff's Latham Act claim, for false representation and unfair competition under 15 U.S.C. § 1125, fails to allege facts to support (1) that defendants made a false statement in a commercial advertisement or (2) that it had deceived or would likely deceive a substantial segment of its audience.  While, traditionally, the Lanham Act is used by trademark owners to enforce their rights against infringers, the Supreme Court has recognized that "Section 1125(a) thus creates two distinct bases of liability: false association, § 1125(a)(1)(A), and false advertising, § 1125(a)(1)(B)." *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 122 (2014). A false advertising claim requires a plaintiff to allege: (1) a false or misleading statement about its own or another's product; (2) the statement actually deceives or tends "to deceive a substantial portion of the intended audience;" (3) the deception is material n that it is "likely to influence the purchasing decisions;" (4) "the advertised goods traveled in interstate commerce;" and (5) the plaintiff is likely to be injured by way of "declining sales[ ] or loss of good will." *Pernod Ricard USA, LLC v. Bacardi USA, Inc.*, 653 F.3d 241, 248 (3rd Cir. 2011).

Here, defendants allegedly submitted complaints to Amazon, through Amazon's portal, that they "had a good faith belief" that plaintiff was selling counterfeit products.  D.I. 1, ¶ 56.  This is not the kind of statement to which the Lanham Act applies.  First, there would be an undeniable chilling effect on all trademark holders protecting their rights to report and prosecute trademark infringement.  Second, it was not pled that the complaints to Amazon were intended for the general viewing public, as they were all filed directly with Amazon.  There are no facts to show that the reports were disseminated to any customers, let alone "a substantial portion."

Furthermore, in Lanham Act claims, the Third Circuit has applied the intermediate approach striking a balance "between application and outright rejection of Rule 9(b)."  *See Liqwd, Inc. v. L'Oreal USA, Inc.*, No. 17-14, 2019 WL 10252725, n.4 (D. Del. April 30, 2019).  In doing so, there is a slightly heightened pleading requirement necessary since there is an allegation of false statements.  Thus, plaintiff must plead its Lanham Act claims with more particularity than traditional notice pleading under Rule 8 of the Federal Rule of Procedure.  *Id.*

Here, the complaint falls short.  Plaintiff fails to identify *any* false statement (other than protected speech consisting of complaints made in "good faith belief" regarding trademark infringement), much less any details on which one of the "Defendants" made the statements.  The amended complaint, stripped of conclusory statements, states only that some defendants engaged in the lawful enforcement of trademark rights.  Yet, all "Defendants" are accused of submitting infringement reports based on "a good faith belief" that the products were counterfeit.  While plaintiff pleads "upon information and belief" that defendants' report to Amazon was "knowingly" false, the complaint does not support that allegation.  In reality, defendants' actions cannot be said to have deceived anyone when plaintiff could have demonstrated authenticity to Amazon.  The Court should dismiss the second count for these reasons.

**C.**   **Plaintiff's State Law Claims Fail to State Claims**

**1.**   **Choice of law**

In its amended complaint, in addition to the federal claims, plaintiffs make four additional state law claims.  As discussed below, each such claim also fails to state a claim.  Although the amended complaint does identify "Delaware common law" as the source of its unfair competition law, plaintiff failed to establish why Delaware law might apply to that claim or any of the other state law claims in the amended complaint.  D.I. 39, ¶ 127-68.

Under a choice of law analysis, California law should apply to plaintiffs' claims against Moving Defendants.  Moving Defendant are Delaware entities but they conduct business in California. Fikhman, ¶ 2, 5. And plaintiff alleges that Moving Defendants' "owne[r] and operat[or], Amazzia," is a California entity doing business in California, where Amazzia and Moving Defendants, as an example, "engaged in a coordinated effort to preclude select third-party sellers from reselling . . . [p]roducts on online marketplaces by false allegations of . . . infringement and defamation."  D.I. 39, ¶ 3, 5, 41-42.  Plaintiffs assert that Amazia, in turn, operates and undertook the actions alleged in the complaint, under a "contractual relationship" with Mane Choice, wherein Mane Choice hired Amazia to "monitor and [sic] sales of [its products] on Amazon."  *Id*., ¶ 6, 12.

Plaintiff alleges that Mane Choice is a Delaware entity but does not identify where it conducts business.  D.I. 39, *passim*. Mane Choice's trademarks indicate that it operates in Alabama. D.I. 1, Ex. A-B.  Plaintiff is a Delaware entity but it does business in Indiana.  D.I. 39, ¶ 1.  Plaintiff, however, is not actively involved in its own product fulfillment and delivery, because Amazon "ships Plaintiff's products from an Amazon warehouse . . . ."  *Id*., ¶ 31.

"Where a federal court exercises supplemental jurisdiction over state law claims, the court must apply the choice of law rules of the state in which it sits. . . .  Delaware courts generally apply

the 'most significant relationship' test of the Restatement (Second) of Conflicts."  Kondrath v. Arum, 881 F. Supp. 925, 931, n.3 (1995) (citations omitted).  "Section 145(1) of the Restatement provides that the law of the state with the most significant relationship to the occurrence and the parties under the principles stated in § 6 is the governing law."  *State Farm Mut. Auto. Ins. v. Patterson*, 7 A.3d 454, 457 (Del. 2010).  Section 145(2) asks the Court to consider "contacts" with states, including: "(a) the place where the injury occurred, (b) the place where the conduct causing the injury occurred, (c) the . . . place of incorporation and place of business of the parties, and (d) the place where the relationship, if any, between the parties is centered."

Here, the most relevant contacts with the various states involved point to the application of California law.  First, under (a), plaintiffs assert that Moving Defendants and Amazzia—the defendants allegedly taking the wrongful action at issue—all operate in California.  Factor (c) also favors California for the same reason, the purported wrongdoers do business in California.  And although some entities are technically Delaware entities, nothing in the amended complaint provides any indication of those parties doing business here.  Factor (d) should not affect the result because: (1) the parties have no relationship, (2) to the extent the purportedly wrongful conduct creates any relationship, that conduct took place in California, (3) any "relationship" between the parties is not centered in their home states because Amazon conducts its business outside of the relevant states.  Under (a), the "injury" took place in Indiana, where plaintiff conducts its business, but that factor is overcome by the many contacts with California.

Of the factors listed in Section 6 of the Restatement with any relevance here, they favor California law.  Because California is interested in the behavior and rights of its citizens, including with respect to anti-SLAPP (as shown by its passage of the statute) and the litigation privilege, California law should apply under factor (2)(c), which allows the Court to consider "the relevant

policies of other interested states and the relative interests of those states in the determination of the particular issue . . . ."  Factor (2)(d) favors California law as well because people generally expect that their behavior is governed by the laws of the state in which they act.  Finally, the state law claims at issue do not implicate factors 2(a), (b), (e), (f), or (g) under Section 6.

###   2.      The Amended Complaint Fails to State a Claims for Tortious Interference[1]

To plead tortious interference, plaintiff must show: "(1) an economic relationship between the plaintiff and some third party . . . ; (2) the defendant's knowledge of the relationship; (3) intentional acts . . . designed to disrupt the relationship [by an independently wrongful act]; (4) actual disruption . . . ; and (5) economic harm . . . proximately caused by . . . the defendant." *Youst v. Longo*, 43 Cal. 3d 64, 71, n.6 (Cal. 1987).  As to the third element, plaintiff must show independently wrongful conduct by the Moving Defendants.  "[A]n act is independently wrongful if it is unlawful, that is, if it is proscribed by some constitutional, statutory, regulatory, common law, or other determinable legal standard . . . . [and the act] must be wrongful by some legal measure, rather than merely a product of an improper, but lawful, purpose or motive." *San Jose Constr.*, 155 Cal. App. 4th 1528, 1544 (Cal. Ct. App. 2007) (alterations in original).  *See also Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1158-59, n.11 (Cal. 2003).

---

[1]      While California law applies to the issues in this case, plaintiff's third claim for common law unfair competition is brought under Delaware law.  D.I. 39, ¶120. As explained herein, Delaware law does not apply.  Even so, in Delaware the tort "largely became moot after the passage of statutes like the Lanham Act and state laws against deceptive trade practices, which specifically authorized injunctive relief."  *Organova Holdings, Inc. v. Dimitrov*, 162 A.3d 102, 120 (Del. Ch. 2017).  To the extent that unfair competition continues as an independent tort, it is the same tort as tortious interference.  *Preston Hollow Cap. LLC v. Nuveen LLC*, No. 2019-169, 2019 WL 3801471, at *10 (Del. Ch. Aug. 13, 2019).  Therefore, the Court should dismiss this claim for the same reasons it should dismiss the Lanham Act and tortious interference claims.

### a.     The facts do not plead wrongful act by Moving Defendants

Plaintiff's allegations fail to establish legally wrongful conduct by Moving Defendants, alleging only that "complaining . . . that Plaintiff was selling counterfeit products" is unlawful. D.I. 39, ¶ 132.  But plaintiff's allegations confirm that the complaints were not made to wrongfully disrupt plaintiff's economic relationship with Amazon, or to suppress competition, but rather to protect legitimate business interests, trademark rights.  Thus, with the lack of warranty protection, the products are counterfeit and plaintiffs cannot show independently wrongful conduct.

Moreover, plaintiff's tortious interference claim fails as a matter of law because it fails to allege facts showing that Moving Defendants engaged in any "independently wrongful or unlawful" acts.  Plaintiff specifically alleges only that it sold products to Delaware residents and that Moving Defendants' "owner and operator" tried to control the distribution and pricing of the products.  D.I. 39, ¶ 14, 41.  This does not allege malicious intent.  *Sumotext Corp. v. Zoove, Inc.*, No. 16-1370, 2017 WL 2774382, at *12 (D.C. Cal. June 26, 2017) (tortious interference claim is improper if it lumps multiple defendants together and fails to allege a factual basis for each one's liability).  The Court, therefore, should dismiss this count.

### b.     The facts pled do not meet the causation element

The fifth element of a tortious interference claim is proximate causation, that is, "a reasonable probability the lost economic advantage would have been realized but for the defendant's wrongful acts."  *Parlour Enters., Inc. v. Kirin Grp., Inc.*, 152 Cal. App. 4th 281, 294 (Cal. Ct. App. 2007).  Plaintiff fails to allege that the statements to Amazon caused expulsion from Amazon: plaintiff could have, but failed, to prove authenticity to Amazon.  That failure caused Amazon to suspended plaintiff's account and was the proximate cause of that suspension.

**3.**     **The Defamation And Trade Libel Claims Are Not Specific Enough**

Under California law, the elements of a defamation claim are a false publication that is defamatory, unprivileged, and has a natural tendency to injure or case special damages. *John Doe v. Super. Ct.*, 1 Cal. App. 5th 1300, 1312 (Cal. Ct. App. 2016).  Here, any alleged statements to Amazon were reporting the sale of counterfeit products in violation of trademark rights.  Moreover, in defamation actions, the plaintiff must identify the speaker, time, place and content of the alleged defamatory statements with substance of what was said as opposed to "general allegations." *Silicon Knights, Inc. v. Crystal Dynamics, Inc.*, 983 F. Supp. 1303, 1314 (N.D. Cal. 1997).  Here, the amended complaint lacks any specifics with regard to Moving Defendants.

In the context of trade libel, such details are more important and a plaintiff must demonstrate: "(1) Defendants published false statements concerning the quality of Plaintiff's product; (2) the statements induced others not to deal with Plaintiff[]; and (3) special damages." *Vondran v. McLinn*, No. 95-20296, 1995 WL 415153, at *5 (N.D. Cal. July 5, 1995) (citation omitted).  Further, plaintiff must show that the statement was "made with actual malice, that is, with knowledge it was false or with reckless disregard for whether it was true or false." *J-M Mfg. Co. v. Phillips & Cohen LLP*, 247 Cal. App. 4th 87, 97 (Cal. Ct. App. 2016).  Trade libel claims are subject to Rule 9(b)'s heightened pleading requirements. *First Advantage Background Servs. Corp. v. Private Eyes, Inc*., 569 F. Supp. 2d 929, 937 (N.D. Cal. 2008).

**a.**     ***Plaintiff failed to plead libelous statements***

To satisfy Rule 9(b)'s heightened pleading standards, plaintiff must identify the author, recipient, time, location, and substance of each allegedly libelous statement. *Id.*; *Eldorado Stone, LLC v. Renaissance Stone, Inc*., No. 04-2562, 2005 WL 5517731, at *3 (S.D. Cal. Aug. 10, 2005).  Here, plaintiff's allegations are deficient.  Plaintiff failed to provide the required details, including the author of each libelous statement.  The amended complaint only generally alleges that

11

"Defendants" filed "dozens" and "at least fifteen" complaints.  D.I. 39, ¶¶53, 68.  Plaintiff's claim for trade libel fails for this reason alone.  *See First Advantage*, 569 F. Supp. 2d at 937.

Plaintiff also failed to identify the substance of any allegedly libelous statements: it generally alleges only that "Defendants knowingly published false and derogatory statements regarding Plaintiff's business" and that "Plaintiff was selling counterfeit Mane Choice Products." D.I. 39, ¶ 160-61.  But the complaint does not identify *any* particular words or statements.  In fact, plaintiff fails to articulate the content of any statements beyond asserting generally that "Defendants" complained to Amazon.  In effect, plaintiff seeks to build a trade libel claim on what it believes "Defendants" may have stated.  Thus, plaintiff failed to adequately plead the substance of any libelous statements.  Moreover, because any intellectual property complaint at issue is premised on the fact that plaintiff is not an authorized distributor, which is true, the failure to specify the actual statements made to Amazon undercuts the heart of plaintiff's claims.

### b.    The complaint fails to allege the falsity of infringement concerns

Plaintiff also failed to establish the falsity of any statements by Moving Defendants.  The amended complaint contains only general and conclusory allegations regarding the falsity of the complaints to Amazon, such as that "Defendants" published "false allegations" and "derogatory statements." *Id.*, ¶ 42, 160.  While plaintiff alleges, in conclusory fashion, that the products were from "reputable sources" and "authentic," plaintiff failed to establish that the products themselves are genuine.  *Id.* at ¶ 29, 77.  In other words, because plaintiff failed to identify the "reputable sources," or that they are authorized distributors, plaintiff also failed to demonstrate that the products are genuine.  If the "reputable sources" are not authorized resellers, it is unclear how the source obtained its products or whether it was done legally.  Further, plaintiff's own allegations show that it is not an authorized reseller and the they do not establish that products include the full bundle of rights associated with genuine products, such as the manufacturer's warranty or quality

control process.  Thus, the amended complaint fails to demonstrate that the products are not counterfeit products and not materially different from those sold by authorized distributors.  *See Iberia Foods*, 150 F.3d at 302-04; (differences in post-manufacture quality control process alone can constitute material differences); *Bourdeau Bros.,* 444 F.3d at 1325, n.3 (Fed. Cir. 2006) (noting "any differences in warranty coverage" as possible grounds for a " material difference" and that "a finding of trademark infringement [can be] based upon a single material difference".); *Beltronics*, 522 F.Supp.2d at 1327 (D. Kan. 2007) (holding that warranties fall within the bundle of services that may yield material differences).   Plaintiff's allegations thus show that defendants had a good faith basis for their complaints and that plaintiff engaged in counterfeiting and infringement.  Because plaintiff failed to allege the falsity, plaintiff's trade libel claim fails.

### c.        *Plaintiff does not allege actual malice*

The amended complaint fails to establish that Moving Defendants acted with actual malice when making statements to Amazon.  Rather, the facts pled establish a reasonable, good faith basis for believing the products were counterfeit.  Plaintiff never alleges that it disclosed its status as an *un*authorized seller of the products to its customers, and thus plaintiff did not inform its customers that the manufacturer's warranty does not apply.  This difference in warranty protection constitutes a material difference under the Lanham Act, rendering the products "counterfeit." *Id*. This demonstrates that "Defendants" did not act with malice in submitting the complaints. Because plaintiff is not an authorized reseller, it is reasonable to conclude that the products did not carry the manufacturer's warranty.  The amended complaint thus establishes that defendants acted upon a genuine and reasonable belief, supported by the law, that the products were counterfeit.  This also means that plaintiffs failed to allege malice and the Court should dismiss the claim.

13

### d.     Plaintiffs did not establish causation

Plaintiff must allege a statement that "would be clearly or necessarily understood to have disparaged the quality" of a plaintiff's product; "a statement that was untrue;" defendant's knowledge that the statement was untrue or reckless disregard of truth; reliance by a third party; and causation.  *See* Judicial Council of California Civil Jury Instructions (2017), CACI No. 1731. Plaintiff failed to show that the statements to Amazon caused plaintiff's suspension.  Rather, the amended complaint shows that Amazon raised its concerns with plaintiff, evaluated the claims and provided plaintiff with an opportunity to prove authenticity—plaintiff admits that Amazon sent a notice asking plaintiff for proof of authenticity and that it would reactivate the account with such proof.  D.I. 39, ¶ 58.  The amended complaint thus makes clear that Amazon suspended the account because plaintiff failed to prove authenticity, and plaintiff itself caused any damage.

## D.     **All of Plaintiff's Claims Relate to Protected Activity**

The Court also should dismiss all claims because the activity is protected activity.

### 1.     **Noerr-Pennington Doctrine**

The Noerr-Pennington Doctrine provides a separate basis to dismiss, as the doctrine bars claims that have as their gravamen constitutionally-protected petitioning activity. *Hanover 3201 Realty, LLC v. Vill. Supermarkets*, 806 F.3d 162, 178 (3d Cir. 2015).  This activity includes pre-suit demand letters and other petitions protected under the First Amendment.  *See*, *e.g.*, *Cheminor Drugs, Ltd. v. Ethyl Corp.*, 168 F. 3d 119, 128-29 (3rd Cir. 1999). Pre-suit infringement notices to third parties are also protected. *See*, *e.g.*, *Sweet St. Desserts, Inc. v. Chudleigh's Ltd.*, 655 Fed. Appx. 103, 111 (3rd Cir. 2016) (cease-and-desist letter regarding registered trademark is protected under Noerr-Pennington); *Rochester Drug Co-op., Inc. v. Braintree Labs.*, 712 F. Supp. 2d 308, 316 (D. Del. 2010) (considering *Noerr–Pennington* immunity in the patent infringement context); *Hard2Find Accessories, Inc. v. Amazon.com, Inc*.,

691 Fed. Appx. 406 (9th Cir. 2017) (infringement notice to Amazon protected by Noerr-Pennington immunity); *Rock River Commc'ns, Inc. v. Univ. Music Grp., Inc*., 745 F.3d 343, 351 (9th Cir. 2014) (infringement notice to accused infringer's business partners protected).

This case here is factually analogous to *Hard2Find*, where the Ninth Circuit found that an infringement report to Amazon was protected by Noerr-Pennington.   In *Hard2Find*, Apple reported that *Hard2Find* was selling counterfeit products. 691 Fed. Appx. at 406-08. Amazon suspended *Hard2Find*, and *Hard2Find* sued Apple. *Id.* The Ninth Circuit affirmed dismissal because "the infringement notice that Apple sent to Amazon [was] sufficiently related to petitioning conduct protected by the Petition Clause." *Id.* at 407.  Like in *Hard2Find*, plaintiff here alleges damages for complaints made to Amazon for infringement and counterfeiting, and these infringement notices are protected petitioning activity. *Id*.  Thus, the Court here should also dismiss plaintiff's claims because they all rely on the complaints to Amazon.

To the extent plaintiff argues the "sham" exception to Noerr-Pennington, it does not apply. That exception requires plaintiff to establish that: (1) defendants' petitioning conduct was "objectively baseless" and, if so, (2) defendants' motive for the petitioning conduct was to conceal "an attempt to interfere *directly* with the business relationships of a competitor through the use of the governmental *process* – as opposed to the *outcome* of that process – as an anticompetitive weapon."  *In re Wellbutrin XL Antitrust Litig.*, 868 F. 3d 132, 148 (3rd Cir. 2017) (emphasis in original).  Further, sham allegations must be plead with particularity. *See Newark v. Delmarva Power & Light Co.*, 497 F. Supp. 323, 326 (D. Del. 1980) (Court refused to accept unspecific, conclusory allegations of "sham" conduct, stating the "complaint must provide some basis for believing that what appears to be an exercise of the right to petition is in reality something else"); *Outboard Marine Corp. v. Pezetel*, 474 F. Supp. 168 (D. Del. 1979).  Plaintiff's allegations fail to

establish that the complaints were both objectively baseless and made with unlawful motive.  To the contrary, defendants had good reason to believe that the products did not carry the full bundle of rights of genuine products, and thus that plaintiff engaged in trademark infringement.  Plaintiff's allegations that the products were "authentic" does not establish that plaintiff is an authorized reseller or that it may convey the manufacturer's warranty.  Further, plaintiff's anticipated arguments do not render the complaints to Amazon "objectively baseless."  *See Pro. Real Est. Invs. v. Columbia Pictures Indus.*, 508 U.S. 49, 65 (1993) (suit is not objectively baseless if it is "arguably 'warranted by existing law' or at the very least based on an objectively 'good faith argument for the extension, modification, or reversal of existing law'").  The complaint thus established that defendant had a good faith belief, based on the law, that plaintiff was infringing intellectual property rights, then protected those rights, and Noerr-Pennington bars the claims.

### 2.    California's anti-SLAPP Statute Protects the Activity

Statements made to enforce intellectual property rights, like those here, are protected activity under California's anti-SLAPP statute.  Under that statute, "protected activity" is defined as an "act in furtherance of a person's right of petition or free speech under the United States or California Constitution in connection with a public issue[, and] includes . . . any other conduct in furtherance of the exercise of the [aforementioned rights] in connection with a public issue or an issue of public interest."  CCP § 425.16(e).  This includes "written or oral statements . . . made in connection with an issue under consideration or review by a [] judicial body."  CCP § 425.16(e)(2).  As courts have stated repeatedly in the context of California's anti-SLAPP statute, "[r]esort to the courts is protected activity."  *Pistoresi v. Madera Irrigation Dist.*, No. 08-843, 2008 WL 5070051, at *10 (E.D. Cal. Nov. 25, 2008).  *See also Briggs v Eden Council*, 969 P.2d 564, 569 (Cal. 1999) ("The constitutional right to petition . . . includes the basic act of filing litigation.").  This encompasses statements made in connection with civil litigation and "extend[s] to pre-litigation

conduct." *Tensor Law P.C. v. Rubin*, No. 18-01490, 2019 WL 3249595, at *6 (C.D. Cal. Apr. 10, 2019). "[S]tatements made in anticipation of a court action or other official proceeding may be entitled to protection under the anti-SLAPP statute, provided that the statement concerns the subject of the dispute and is made in anticipation of litigation contemplated in good faith and under serious consideration." *Id.* (internal citations omitted) (citation omitted).

Here, plaintiff seek redress for alleged misconduct in making intellectual property complaints to Amazon. These alleged complaints constitute pre-litigation conduct and are therefore protected activity under the anti-SLAPP statute. The alleged complaints to Amazon for trademark infringement and counterfeiting are the functional equivalents of cease and desist letters. Moving Defendants discovered that plaintiff, who is not an authorized reseller, was selling Mane Choice products on Amazon without any notice to customers that those products did not carry the manufacturer's warranty. As discussed above, the difference in warranty and quality control protection is a material difference under the Lanham Act and the products are counterfeit. *Iberia Foods*, 150 F.3d at 304; *Bourdeau Bros.,* 444 F.3d at 1325, n.3; *Beltronics*, 522 F.Supp.2d at 1327. Thus, the complaints to Amazon were an effort to prevent infringement before litigation. Because Amazon removed the infringing products, however, no litigation was required. Thus, the complaints were made in anticipation of litigation and are protected under the anti-SLAPP statute.

### a.     *Plaintiff Cannot Overcome its Burden*

Since Moving Defendants made a threshold showing that "protected activity" covered by the anti-SLAPP statute is at issue, plaintiff must establish "a probability [of] prevail[ing] on the claim[s]." CCP § 425.16(b)(1). Plaintiff cannot make this showing because plaintiff failed to establish the elements of any of its claims and plaintiff cannot overcome Noerr-Pennington.

Finally, the complaints to Amazon are protected by the California litigation privilege, CCP § 47(b), which is an "absolute" privilege. *Flatley v. Mauro*, 39 Cal. 4th 299, 322 (Cal. 2006). *See*

17

*also* F.R.E. 501 ("But in a civil case, state law governs privilege regarding a claim or defense for which state law supplies the rule of decision."). CCP § 47(b) provides that communications made in, or related to, judicial proceedings are immune. "The litigation privilege applies to any communications (1) made in a judicial proceeding; (2) by litigants or other participants authorized by law; (3) to achieve the objects of the litigation; (4) that have some connection or logical relation to the action." *Sharper Image Corp. v. Target Corp.*, 425 F. Supp. 2d 1056, 1077 (N.D. Cal. 2006) (citations omitted). Courts have found that the litigation privilege applies "regardless whether the communication was made with malice or the intent to harm." *Kashian v. Harriman*, 98 Cal. App. 4th 892, 913 (Cal. Ct. App. 2002). California law expands the privilege "to include publication to nonparties with a substantial interest in the proceeding." *Susan A. v. Sonoma*, 2 Cal. App. 4th 88, 94 (Cal. Ct. App. 1991) (citation omitted). For the same reasons that the complaints are pre-litigation conduct under anti-SLAPP, they are protected by the privilege. *See, e.g.*, *Fitbit, Inc. v. Laguna 2, LLC*, No. 17-cv-00079, 2018 WL 306724, at *9 (N.D. Cal. Jan. 5, 2018). Additionally, that the statements were made to Amazon does not change the result because Amazon has an interest in the litigation because plaintiff used its platform to sell the products.

The litigation privilege is a bar to a party meeting the burden of the second step of the anti-SLAPP analysis. *See, e.g.*, *Sparrow LLC v. Lora*, No. 14-1188, 2014 WL 12573525, at *5 (C.D. Cal. Dec. 4, 2014) ("A plaintiff is unable to meet the statutory burden of section 425.16 as a matter of law when the statement, publication, or activities at issue are protected by the litigation privilege of Civil Code § 47." (alterations omitted)); *Kashian*, 98 Cal. App. 4th at 926-27 (where defamation action was barred by litigation privilege, the plaintiff could not demonstrate a probability of prevailing for anti-SLAPP purposes). Thus, because the litigation privilege applies, plaintiff cannot establish a probability of prevailing and the Court should grant the anti-SLAPP motion.

### b.    *Moving Defendants Are Entitled to Recover the Attorneys' Fees*

A defendant who prevails on an anti-SLAPP motion is "entitled to recover . . . attorney's fees and costs."  CCP § 425.16(c)(1).  "[A]n award of attorney's fees and costs to a successful anti-SLAPP movant is mandatory."  *Kearny v. Foley & Lardner LLP*, 553 F. Supp. 2d 1178, 1181 (S.D. Cal. 2008).  "[A] party who partially prevails on an anti-SLAPP motion must generally be considered a prevailing party unless the results of the motion were so insignificant that the party did not achieve any practical benefit from bringing the motion."  *Mann v. Quality Old Time Serv., Inc.*, 139 Cal. App. 4th 328, 340 (Cal. Ct. App. 2006). "The determination whether a party prevailed on an anti-SLAPP motion lies within the broad discretion of a trial court."  *Id.*  Because the amended complaint arises from protected activity, and plaintiff has not demonstrated a probability of success, the Court should award Moving Defendants their fees and costs associated with the anti-SLAPP motion.  *Id.*  If the Court grants the motion, Moving Defendants seek permission to address CCP § 425.16 by motion.

### c.    *The Court should apply California's anti-SLAPP statute*

Although the Third Circuit has not weighed in, a circuit split exists on whether anti-SLAPP statutes such as California's statute apply in federal courts.  This Court should follow the better-reasoned decisions of the First and Ninth Circuits.  "In getting at the potential rub in the relationship between a Federal Rule of Procedure and the [substantive] state law, courts now ask if the federal rule is 'sufficiently broad to control the issue before the court.'"  *Godin v. Schencks*, 629 F.3d 79, 86 (1st Cir. 2010) (citation omitted).

For example, the *Godin* court concluded that although Rules 12 and 56 govern motions to dismiss and for summary judgment, they are not so broad as to override the anti-SLAPP statute at issue there.  Under *Shady Grove*, anti-SLAPP statutes and Rules 12 and 56 do not "'attempt[] to answer the same question'" or "'address the same subject.'"  *Godin*, 629 F.3d at 88 (citing *Shady*

*Grove Orthopedic Assocs. v. Allstate Ins. Co.*, 559 U.S. 393, 394, 402 (2010)) (alteration in original).  Thus, Rules 12 and 56 relate to separate procedural questions governing all cases, anti-SLAPP laws relate to specific, protected behavior in each state.  *Id.*  The fact that California state courts are governed by both their equivalent to Rules 12 and 56 and the anti-SLAPP statute confirm the conclusion that anti-SLAPP statutes only "supplement" procedural rules.  *Id.* at 88-89.

Anti-SLAPP statutes are also substantive and should thus control because they allocate the burden of proof, provide substantive legal defenses, and govern a plaintiff's elements of proof. *Godin*, 629 F.3d at 89.  *See also US v. Lockheed Missiles & Space Co.*, 190 F.3d 963, 973 (9th Cir. 1999) ("California has articulated the important, substantive state interests furthered by the Anti–SLAPP statute.").  Finally, anti-SLAPP statutes are "'so intertwined with a state right or remedy that it functions to define the scope of the state-created right" that they cannot yield to procedural rules.  *Godin*, 629 F.3d at 89.  And, to prevent forum shopping, *Erie* should apply to mandate application of anti-SLAPP.  *Lockheed*, 190 F.3d at 973 ("[T]he twin purposes of the Erie rule—'discouragement of forum-shopping and avoidance of inequitable administration of the law'—favor application of California's Anti–SLAPP statute in federal cases. . . .  [I]f the anti-SLAPP provisions are held not to apply in federal court, a litigant interested in bringing meritless SLAPP claims would have a significant incentive to shop for a federal forum.") (citations omitted).

Thus, the Court should apply California's anti-SLAPP law as requested above. *But see* Charles Alan Wright, *et al.*, *Federal Practice & Procedure* § 4509 (2nd ed. 2014) (discussing the "divergent case law" and circuit split on whether anti-SLAPP statutes apply in federal court).

## <u>CONCLUSION</u>

For the foregoing reasons, Moving Defendants request that the Court dismiss all claims for failure to state a claim and to strike the amended complaint under CCP § 425.16.

SMITH, KATZENSTEIN & JENKINS LLP

OF COUNSEL:
Daniel J. Kessler
Joshua A. Waldman
BURKHALTER KESSLER
   CLEMENT & GEORGE LLP
2020 Main Street, Suite 600
Irvine, California 92614
(949) 975-7500
dkessler@bkclglaw.com
jwaldman@bkcglaw.com

October 30, 2020

  /s/  *Robert K. Beste*
Robert K. Beste, III (3931)
Eve H. Ormerod (5369)
1000 West Street, Suite 1501
Wilmington, Delaware 19801
(302) 652-8400
rbeste@skjlaw.com
eormerod@skjlaw.com

*Attorneys for defendants Cute As A Button*
*Inc. and Natural Selection Inc.*

21